ALLEN HYMAN, ESQ. (SBN: 73371)
LAW OFFICES OF ALLEN HYMAN
10737½ Riverside Drive
North Hollywood, California 91602
Telephone: (818) 763-6289
Facsimile: (818) 763-4676
E-Mail: lawoffah@aol.com

Attorney for Plaintiff,
NATIONWIDE LEGAL, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(WESTERN DIVISION)**

| | |
|---|---|
| NATIONWIDE LEGAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, National Association, a Nationally Chartered Bank,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) NEGLIGENCE , and**<br>**(2) BREACH OF CONTRACT**<br><br>**(Demand for Jury Trial)** |

Nationwide Legal, LLC ("NATIONWIDE"), for its complaint against JPMorgan Chase Bank, National Association ("JPMORGAN") alleges as set forth below.

**FIRST CAUSE OF ACTION**

(For Negligence Against Defendant JPMORGAN)

**Jurisdiction**

1. Pursuant to 28 U.S.C. 1332, this United States District Court has subject matter jurisdiction, in that the matter in controversy in this civil action exceeds the sum or value of

$75,000, exclusive of interest and costs and is between citizens of different States. Plaintiff NATIONWIDE, a state of Delaware LLC, is a citizen of the State of California in that NATIONWIDE's only member, Hooman Davoodi is a citizen of the State of California (Exhibit No. 1). The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members Johnson V. Columbia Properties Anchorage LP 437 F. 3d 894, 899 (9th Cir., 2006). Defendant JPMorgan Chase Bank, National Association ("JPMORGAN") is a citizen of the State of Ohio. As the Ninth Circuit held in Rouse v. Wachovia Mortgage FSB, 747 F. 3d 707 (9th Cir. 2014) pursuant to 28 U.S.C. 1348, "...a national bank is a citizen of the state in which its main office is located." Id. at 747 F.3d 707. Defendant JPMORGAN is a National Bank, (April 27, 2012 "Certificate of Corporate Existence and Fiduciary Powers," Comptroller of the Currency, "JPMorgan Chase Bank, National Association ...is a national banking association formed under the laws of the United States.." (Ex. No. 2), and which main office is located in the state of Ohio, (Exhibit No. 3). In that plaintiff NATIONWIDE is a citizen of California, and defendant is a citizen of Ohiom this U.S. District Court has diversity jurisdiction.

**Venue**

2. NATIONWIDE's principal place of business is located at 1609 James M. Wood Blvd., Los Angeles, California 90015. Venue is proper in the Central District of California in that: "...a substantial part of the events or omissions given rise to the claim..." occurred within the Central District of California, (28 U.S.C. 1391 (b)(2)). NATIONWIDE's claim against JPMORGAN arises out of defendant's JPMORGAN's banking activities in Los Angeles County,

California, and out of defendant JPMORGAN's banking relationship with plaintiff NATIONWIDE in Los Angeles, California.

**The Parties**

3. Plaintiff NATIONWIDE provides attorney support services, such as courier and messenger services, filing and delivery of documents to State and Federal courts, document retrieval services, service of process and other services supporting its law firms (and other) clients.

4. Defendant JPMORGAN, is a Nationally Chartered Bank, whose principal place of business is located at 1111 Polaris Parkway, Columbus, Ohio 43240 (December 29, 2020 Statement of Information filed with the California Secretary of State, Ex. No. 3). JPMORGAN has previously and presently provides banking services to NATIONWIDE in the County of Los Angeles, State of California.

**Underlying Factual Basis Of The Claims**
**The NATIONWIDE Advance Fee Account**

5. As part of its services, NATIONWIDE on a regular and re-occurring basis advances fees on behalf of its clients. Such advances include but are not limited to: court filing fees; witness fees; service of process fees; and processing fees, to (among others) Clerks of the Courts, Registrar-Recorder and the Sheriffs office.

6. For check payments provided for advancing fees, NATIONWIDE maintains a separate JPMORGAN business account, in Los Angeles, California, identified as the "Client Advance Account," account number, ending in 7820 ("7820 ADVANCE ACCOUNT").

7. NATIONWIDE has used the 7820 ADVANCE ACCOUNT since at least as early as 2010, for the past thirteen (13) years.

8. Over the years, the amounts processed by NATIONWIDE per year through the 7820 ADVANCE ACCOUNT has grown. During 2018 to 2022 NATIONWIDE processed upwards of six (6) to eight (8) million dollars per year through its 7820 ADVANCE ACCOUNT, generating 4500-5500 or more checks per month.

9. In that the majority of advance fee checks were payable either to the "Los Angeles Superior Court," or to a "Clerk of the Court," or to a "Registrar-Recorder," or "Sheriff," at least as early, 2019, NATIONWIDE commenced to pre-print on its ADVANCE ACCOUNT checks identifying in bold type the payee as either: "Los Angeles Superior Court," or "Clerk of the Court/Registrar Recorder/Sheriff /SOS," (Examples Check No. 1048994, July 22, 2020, payee: "Los Angeles Superior Court," (Ex. No. 4), and Check No. 168450, November 19, 2020, payee: "Clerk of the Court/Registrar-Recorder/Sheriff/SOS," (Ex. No. 5)).

10. As identified, each of the Advance Fee checks, (Exs. Nos. 4 and 5), identify a "CLIENT" and a "CONTROL #," by which NATIONWIDE records the advance fee provided.

11. Vanessa Saravia, ("SARAVIA") was employed at NATIONWIDE in its accounting department from 2016 to March, 2021.

12. During the time, December, 2018 to March, 2021, SARAVIA's principal position at NATIONWIDE was that of processing and entering data pertaining to the 7820 ADVANCE ACCOUNT.

**The Misappropriation by SARAVIA of NATIONWIDE Advance Fees**

13. Over the course of December, 2018 to March, 2021, SARAVIA created unauthorized checks of approximately $1,650,000 payable from the NATIONWIDE, ADVANCE ACCOUNT.

//

14. As alleged more fully below, SARAVIA deposited the unauthorized NATIONWIDE 7820 ADVANCE ACCOUNT checks without endorsement, (that is by fraudulent endorsement) into SARAVIA's two (2) JPMORGAN accounts.

15. This complaint is directed to those checks that had identified as the payee, either "Los Angeles Superior Court" or "Clerk of the Court/Registrar-Recorder, Sheriff/SOS."

**Opening Of The Fraudulent Deposit Accounts**

16. On December 21, 2018, NATIONWIDE employee SARAVIA, with the assistance of JPMORGAN "Bunker Hill," branch, (downtown Los Aneles), opened, JPMORGAN account No. 323826915, ("6915 ACCOUNT") identified as a "High School Checking" account for SARAVIA's daughter Elsy Saravia (Personal Electronic Signature Card (with SSN redacted) (and IRS withholding form) attached as Ex. No. 6, which identify account holder Elsy Katelyn Saravia or Vanessa Saravia for the "High School Checking" account.

17. Also on December 21, 2018 SARAVIA, and her husband, Hernan Saravia, with the assistance of JPMORGAN "Bunker Hill," branch (downtown Los Angeles), opened a second JPMORGAN account No. 363806768 ("6768 ACCOUNT"), identified as a "Chase Total Checking," account for SARAVIA and her husband Hernan Saravia, (Personal Electronic Signature Card (with SSN redacted) (and IRS withholding form) attached as Ex. No. 7).

**Creation of the Fraudulent Checks**

18. Commencing in December, 2018, and continuing to January, 2021, SARAVIA would create NATIONWIDE advance fee checks with duplicate previously stated client and identical previous control numbers of NATIONWIDE advance fee checks with pre-printed

payees, "Los Angeles Superior Court," or "Clerk of the Court/Register-Recorder/ Sheriff/ SOS," where SARAVIA would include in the payee line in additional to the pre-printed payee, the names of the daughter Elsy Saravia (with the pre-printed payee crossed off) (Ex. No. 8), or her husband, Hernan Saravia (with the pre-printed payee crossed off), (Ex. No. 9).

19. This complaint is directed at SARAVIA misappropriated NATIONWIDE ADVANCE checks commencing in January, 2020, and continuing until April, 2021, where SARAVIA, would create NATIONWIDE 7820 ADVANCE checks with duplicate and identical client and identical control numbers to NATIONWIDE ADVANCE fee checks that had been previously issued for the benefit of NATIONWIDE clients.

20. As to the duplicate advance fee checks created by SARAVIA from January, 2020 and thereafter SARAVIA would not cross off the pre-printed payee identification: "Los Angeles Superior Court" (pre-printed in bold), or "Clerk of the Court...." (pre-printed in bold) and SARAVIA would add the initials "EKS," or "HAS," (at times legible at times not) (Ex. No. 10, Check No. 1048977 "EKS," with payee "Los Angeles Superior Court,"); (Ex. No. 11, Check No. 1048978 "HKS," with payee Los Angeles Superior Court,"); (Ex. No. 12, Check No. 160066, "EKS," with payee "Clerk of the Court/ Registrar-Recorder/Sheriff/SOS,"); (Ex. No. 13, Check No. 160067, "HKS," with payee "Clerk of the Court/Registrar-Recorder/ Sheriff/SOS.")

21. During December 21, 2018 to April 15, 2021, SARAVIA, deposited all of the fraudulent checks in principally two (2) different branches of defendant JPMORGAN in Los Angeles, County, California, in the 400 S. Hope Street branch and in the

13750 Foothill Boulevard branch.

22. Viewing Exhibits Nos. 10 and 11 (for example), states the identical NATIONWIDE client that was placed on a prior (authentic check), and states the identical NATIONWIDE control number that was placed on a prior (authentic check), and has the NATIONWIDE authorized signature (though not authorized for checks Exhibit Nos. 10 and 11), that was the same signature on the prior (authentic checks), and has the pre-printed payees on the checks, that was placed on the prior (authentic checks) but only adds, the initials, EKS (Ex. No. 10), and HKS (Ex. No. 11), which checks were then stolen by SARAVIA and deposited into the two (2) Fraudulent Deposit Accounts, JPMORGAN 6915 "High School Checking," account, in the name of SARAVIA's daughter Elsy Saravia, or into the JPMORGAN 6768 account, in the name of SARAVIA and Hernan Saravia.

23. The total amount of NATIONWIDE 7820 ADVANCE checks deposited into the Elsy Saravia "High School Checking" account, the JPMORGAN 6915 ACCOUNT during December, 2018 to April, 2021 of pre-printed payee checks made payable (in bold) to either "Los Angeles Superior Court," or "Clerk of the Court," was approximately $530,000.00.

24. The total amount of NATIONWIDE 7820 ADVANCE FEE checks deposited into the Vanessa SARAVIA and Hernan Saravia, JPMORGAN 6768 ACCOUNT, "Chase Total Checking," made payable to: "Los Angeles Superior Court," and/or to "Clerk Of the Court/Registrar-Recorder/Sheriff/SOS" during December, 2018 to April, 2021, was approximately $950,000.00.

//

//

25. There were approximately 1,000 misappropriated checks deposited into either the JPMORGAN Hope Street branch or the Foothill Blvd, Branch, each in the approximate, amount of $1,435.00 (more or less).

26. The monthly deposit totals into the Elsy Saravia "High School Checking" account, JPMORGAN 6915 ACCOUNT, during December, 2018 to April, 2021 were as high as $37,000 per month. Over a twelve (12) month period, March, 2020 to March, 2021, there were six (6) monthly deposit totals of over $30,000.00, three (3) over $20,000.00 and three (3) over $10,000.00.

27. The monthly deposit totals into the Vanessa SARAVIA and Hernan Saravia, JPMORGAN 6768 ACCOUNT, was on average over $40,000 per month.

28. NATIONWIDE alleges negligence against JPMORGAN as the depository bank for accepting checks without an endorsement, as well that of a fraudulent endorsement. Plaintiff was the owner of the account from which the checks were drawn. Elsy Saravia, Vanessa Saravia or Hernan Saravia were not the payees on the checks which payees were "Superior Court of Los Angeles" or "Clerk of the Court...," which checks were deposited in the two (2) fraudulent accounts.

**UCC 3405 (c) Is Not Applicable**
**JPMORGAN WAS NOT A HOLDER IN DUE COURSE**

29. California UCC 3405 (c) provides in part that:

> "...an indorsement is made in the name of the person to whom an instrument is payable if ...the instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name substantially similar to the name of that person."

30. NATIONWIDE alleges that as a matter of law, the "...name of the account into which the checks were deposited was not substantially similar to the name of the payee on the checks." In re McMullen Oil. Co., 251 B.R. 558 (2000) "McMullen Oil Co. Pension Plan" cannot be characterized as "substantially similar to McMullen Oil Co." In Re McMullen Oil Co. Supra at 251 BR 576.

31. "Los Angeles Superior Court," (as payee in bold), is not substantially similar to "Elsy Saravia," the name on the 6915 ACCOUNT, the "High School Checking" account. And "Los Angeles Superior Court," (as payee in bold) is not substantially similar to Vanessa Saravai, or to Hernan Saravia, the names on the 6768 ACCOUNT.

32. JPMORGAN as the depository bank did not become a holder of the checks which payee was "Los Angeles Superior Court," or "Clerk of the Court...." because each of the checks were missing the endorsement of the payee. JPMORGAN as the depository bank did not become a holder in due course of the checks which payee was "Los Angeles Superior Court," and/or "Clerk of the Court..." in that "...each was missing the endorsement of the payee." In Re McMullen Oil Co. Supra at 568.

33. This complaint as well relies in part upon the decision of the United States District Court for the Northern District of California holding in Ulla Lundgren, dba A Step Forward Shoes, v Bank of America (October 4, 2011), (FRCP Rule 12 (b) Motion to Dismiss Denied in Part), (attached as Exhibit No. 14).

34. As the Court held in Lundgren Supra (Ex. No. 14).

> Instead, this case is analogous to Joffe v. United States Bank, 141 Cal. App. 3d 541 (1993). In Joffe, the California Court of Appeal reversed the

> trial court's dismissal of the plaintiffs' cause of action for negligence. The plaintiffs were owners of the account from which the check at issue was drawn, and alleged their negligence claim against the depositary bank for acceptance of a check in which the named payee on the check differed from the endorsement and name of the account into which the check was deposited. The court held that sections 1103 and 3406 of the California uniform Commercial Code did not preempt the claims, and that the claim was cognizable, Id. at 556-57. See also E.F. Hutton & Co. V. City Nat. Bank, 149 Cal. App. 3d 60, 69 (1982) (holding that plaintiff's claim for negligence against a collecting bank was not preempted by California Uniform Commercial Code section 3405). Lundgren Supra at page 15.

35. Therefore based upon the Northern District Court's holding in LUNDGREN, Supra (Ex. No. 14) plaintiff sues defendant JPMORGAN as the depositary bank for Negligence.

36. JPMORGAN permitted deposit of 1000 of NATIONWIDE's checks into a third party's account payable to "Los Angeles Superior Court" or "Clerk of the Court" without the endorsement of the payee.

37. The deposits over the course of January, 2020, to March, 2021, with these pre-printed, unaltered payees by SARAVIA without endorsement was approximately $1,100,000.

38. SARAVIA deposited all of the checks with the pre-printed payees without endorsement, (that is by fraudulent endorsement) into SARAVIA's two (2) JPMORGAN accounts, the JPMORGAN "High School Checking" account and the JPMORGAN "Chase Total Checking" account.

**Notification by and to JPMORGAN**

39. In March, 2021, a bank employee of defendant JPMORGAN called the accounting department at NATIONWIDE, to verify if NATIONWIDE would approve the payment of a check being presented

by Hernan Saravia which was made out to (payee) "Los Angeles Superior Court." In response to the inquiry, NATIONWIDE, informed JPMORGAN that the check was fraudulent and should not be honored.

40. In the March, 2021, telephone communication from JPMORGAN, JPMORGAN admitted to NATIONWIDE accounting department, that the SARAVIA bank accounts had been previously frozen for suspicious activity, which suspicious activity and date of suspension JPMORGAN did not disclose.

41. During April-May, 2021, NATIONWIDE submitted to JPMORGAN a claim for refund and submitted numerous amendments of its claim for refund to JPMORGAN, asserting unauthorized transactions submitted to Alexander (Alex) Acosta, Vice President, " I have 541 more checks to add to this claim, will update list shortly," (Ex. No. 15).

42. JPMORGAN paid $45,328.14 of the misappropriated checks and rejected the balance of NATIONWIDE's claim by email on June, 29, 2021, stating:

> Our review indicates that the appropriate steps were not taken to protect the account from this type of fraud and the referenced claim has been denied, (Ex. No. 16).

43. As of 2021 NATIONWIDE had a twelve (12) year banking relationship with JPMORGAN.

44. NATIONWIDE asserts a claim for negligence against JPMORGAN for JPMORGAN's comparative negligence, that of lack of ordinary care by JPMORGAN as the depository bank in accepting the deposit of the checks given the fraudulent endorsement and in that the payee name was different from the name on the account deposited, for which NATIONWIDE seeks damages against JPMORGAN.

45. NATIONWIDE alleges that JPMORGAN owed NATIONWIDE a duty of "ordinary care," that JPMORGAN breached the duty of ordinary care when it allowed the deposit of checks made payable to "Superior Court of Los Angeles" or "Clerk of the Court" be deposited into SARAVIA's and SARAVIA's "High School" and "Chase Total Banking" accounts.

46. NATIONWIDE alleges that the totality of JPMORGAN's prior and ongoing relationship with NATIONWIDE, and the degree of fraudulent deposits limited to two (2) branches would, with ordinary care, have put JPMORGAN on notice of improper deposits and that ordinary care of JPMORGAN would have likely detected SARAVIA's fraud given the extent of SARAVIA's activities, given the period of time in which it occurred, and the nature of the fraud. As a result of the lack of exercise of ordinary care on the part of JPMORGAN, NATIONWIDE was damaged in an amount to be established at trial.

**II**
**Second Claim For Relief**
**(Breach of Agreement)**

47. NATIONWIDE realleges its first claim for relief, paragraph Nos. 1 to 46 as if fully set forth in this paragraph.

48. NATIONWIDE asserts that defendant JPMORGAN breached its agreement with NATIONWIDE in processing and considering NATIONWIDE's claim.

49. NATIONWIDE asserts that defendant JPMORGAN had a duty of good faith and fair dealing with regard to its banking relationship with the client NATIONWIDE.

50. NATIONWIDE asserts that defendant JPMORGAN on June, 29, 2021, in rejecting NATIONWIDE's claim, (Ex. No. 16) stating as

the basis, that: "Our review indicates that the appropriate steps were not taken to protect the account against this type of fraud and the referenced claim has been denied," was a breach of JPMORGAN's duty of good faith and fair dealing as to NATIONWIDE.

51. JPMORGAN had duties as both the payor bank and the depositary bank. JPMORGAN's rejection of NATIONWIDE's claim was a breach by its denial of its obligation as the depositary bank of the NATIONWIDE checks.

52. NATIONWIDE pleads damages in an amount according to proof.

WHEREFORE, NATIONWIDE seeks an award of damages, against JPMORGAN CHASE as follows:

1. For damages according to proof;

2. For costs of suit; and

3. For such other relief as the Court may deem appropriate.

LAW OFFICES OF ALLEN HYMAN

Dated: January 26, 2023

By: /s/ Allen Hyman
Allen Hyman
Attorney for Plaintiff,
NATIONWIDE LEGAL, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff NATIONWIDE by and through its counsel, makes and submits this demand for a Jury Trial (Local Rule 38-1).

Dated: January 26, 2023

/s/ Allen Hyman
Allen Hyman
Attorney for Plaintiff,
NATIONWIDE LEGAL, LLC